IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEREMIAH D. FANNAN,<br><br>             Petitioner,<br><br>vs.<br><br>SUZANNE M. PEERY, Warden, California Correctional Center,[1]<br><br>             Respondent. | No. 2:14-cv-01416-JKS<br><br>MEMORANDUM DECISION |

Jeremiah D. Fannan, a state prisoner proceeding *pro se*, filed a Petition for Habeas Corpus with this Court pursuant to 28 U.S.C. § 2254.  Fannan is currently in the custody of the California Department of Corrections and Rehabilitation and incarcerated at the California Correctional Center in Susanville.  Respondent has answered, and Fannan has replied.

I.  BACKGROUND/PRIOR PROCEEDINGS

In satisfaction of a 10-count indictment, Fannan pled no contest to assault with force likely to cause great bodily injury, kidnapping during a carjacking, and reckless driving.  As to the assault charge, he also admitted the sentence enhancement allegation that he inflicted great bodily injury on the victim.  On direct appeal of his conviction, the Court of Appeal described the following facts underlying the charges against Fannan and his subsequent plea:

> [Fannan] met Sam Jungwirth at the Whiskeytown Visitor Center in August 2010. Jungwirth agreed to give Fannan a ride to Lewiston.  [Fannan] directed Jungwirth to a remote location and then hit Jungwirth multiple times on his head and face.  [Fannan] ordered Jungwirth to move to the passenger's seat and Fannan moved to the driver's seat,

---

[1]      Suzanne M. Peery, Warden, California Correctional Center, Susanville, is substituted for the People of the State of California.  FED. R. CIV. P. 25(c); Rule 2(a), Rules Governing Section 2254 Cases in the United States District Courts; *Stanley v. Cal. Supreme Court*, 21 F.3d 359, 360 (9th Cir. 1994).

>locked the doors and began driving back toward Redding.  He demanded Jungwirth's wallet and took him to an ATM to withdraw cash.  [Fannan] also told Jungwirth not to report his truck as stolen for at least a week.  [Fannan] threatened Jungwirth and his family's safety if he did not comply with [Fannan's] demands.  When they got to the bank, Jungwirth yelled for someone to call 911.
>
>Law enforcement issued an alert for the stolen truck.  A few hours later, officers saw defendant driving Jungwirth's truck recklessly on the highway.  Officers attempted to pull the truck over and [Fannan] fled in the truck, reaching speeds of approximately 80 miles per hour and skidding into the opposing lane.  Later officers found the stolen truck, unoccupied and a K–9 officer found [Fannan] in the woods near the truck.
>
>As a result of being hit by [Fannan], Jungwirth had a black eye, multiple contusions, and required stitches to his forehead and ear.
>
>[Fannan] made five *Marsden*[FN1] motions which the trial court denied.  The trial court granted [Fannan's] sixth *Marsden* motion based on an irreconcilable conflict between defendant and counsel, and appointed substitute counsel.  The trial court later relieved substitute counsel due to health issues and appointed new counsel.
>
>>FN1.   *People v. Marsden* (1970) 2 Cal. 3d 118.
>
>[Fannan] filed a motion to dismiss based on a violation of his right to a speedy trial.  The trial court denied the motion.  [Fannan] also filed a motion to dismiss in the interests of justice.  (Pen.Code, § 1385.)[FN2]  The trial court denied the motion.
>
>>FN2.   Undesignated statutory references are to the Penal Code in effect at the time of [Fannan's] crimes.
>
>[Fannan] pleaded no contest to assault with force likely to cause great bodily injury (Pen.Code, § 245, subd. (a)(1)), kidnapping during a carjacking (*id.*, § 209.5, subd. (a)), and reckless driving (Veh. Code, § 2800.2, subd. (a)).  As to the assault charge he also admitted the enhancement allegation that he inflicted great bodily injury on the victim. (Pen.Code, § 12022.7, subd. (a).)  In exchange for the plea, numerous charges were dismissed.  In accordance with the plea agreement, the court sentenced defendant to an aggregate term of seven years eight months, plus a consecutive term of life in state prison.  The trial court ordered [Fannan] to pay a $3,000 restitution fund fine (*id.*, § 1202.4, subd. (b)), a $3,000 suspended restitution fine unless parole is revoked (*id.*, § 1202.45), and awarded [Fannan] 693 days of presentence custody credit (*id.*, § 2933.1).

*People v. Fannan*, No. C070904, 2013 WL 1461076, at *1-2 (Cal. Ct. App. Apr. 11, 2013).

Through assigned counsel, Fannan appealed his conviction by filing a brief pursuant to *People v. Wende*, 600 P.2d 1071 (Cal. 1979), whereby appointed counsel filed an appellate brief reciting a summary of the proceedings and the facts of the case and requesting the court to

Case 2:14-cv-01416-JKS   Document 18   Filed 06/17/16   Page 3 of 12

independently review the record because counsel had found no arguable legal issues to raise. Appellate counsel informed Fannan of the filing of the *Wende* brief and advised him that he could file a supplemental brief in the Court of Appeal within 30 days of the date the *Wende* brief was filed or on leave of the court. Fannan submitted a supplemental brief alleging that: 1) he was denied his right to a speedy trial; 2) initial trial counsel was ineffective for failing to file a peremptory challenge under Code of Civil Procedure § 170.6, a change of venue motion, a motion to recuse the district attorney's office and for having a conflict of interest based on her prior representation of him in another case; 3) plea counsel was ineffective for advising Fannan that his speedy trial rights would be preserved for appeal; 4) the trial court erred in relieving substitute counsel for health issues and denying Fannan's motion to dismiss; and 5) appellate counsel was ineffective for filing a *Wende* brief on appeal. Neither Fannan or appellate counsel obtained a certificate of probable cause.[2]

The Court of Appeal affirmed the judgment against Fannan in its entirety in an unpublished, reasoned opinion issued on April 11, 2013. *Fannan*, 2013 WL 1461076, at *3. The appellate court concluded that the majority of Fannan's claims raised in his supplemental

---

[2] California Penal Code § 1237.5 provides:

No appeal shall be taken by the defendant from a judgment of conviction upon a plea of guilty or nolo contendere, or a revocation of probation following an admission of violation, except where both of the following are met:

(a) The defendant has filed with the trial court a written statement, executed under oath or penalty of perjury showing reasonable constitutional, jurisdictional, or other grounds going to the legality of the proceedings.

(b) The trial court has executed and filed a certificate of probable cause for such appeal with the clerk of the court.

brief arose prior to his plea and thus were not reviewable in the absence of a certificate of probable cause. *Id.* at \*2. And while his post-plea claim that appellate counsel was ineffective for filing a *Wende* brief was reviewable, the appellate court found that it was nonetheless without merit. *Id.* Fannan did not seek any other state-court review of the judgment.

Fannan filed a petition for a writ of habeas corpus to this Court on May 16, 2014.

## II. GROUNDS/CLAIMS

Fannan asserts five grounds for habeas relief, raising the same arguments to this Court that he presented to the Court of Appeal in his supplemental brief, namely that: 1) the trial court erred in denying his motion to dismiss the case; 2) his right to a speedy trial was violated; 3) his plea counsel was ineffective for erroneously informing him that his right to appeal the speedy trial violation would survive his plea; 4) the trial court erred in relieving substitute counsel; and 5) his appellate counsel was ineffective for failing a *Wende* brief.

## III. STANDARD OF REVIEW

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), this Court cannot grant relief unless the decision of the state court was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," § 2254(d)(1), or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding," § 2254(d)(2). A state-court decision is contrary to federal law if the state court applies a rule that contradicts controlling Supreme Court authority or "if the state court confronts a set of facts that are materially indistinguishable from a decision" of the Supreme Court, but nevertheless arrives at a different result. *Williams v. Taylor*, 529 U.S. 362, 406 (2000).

The Supreme Court has explained that "clearly established Federal law" in § 2254(d)(1) "refers to the holdings, as opposed to the dicta, of [the Supreme Court] as of the time of the relevant state-court decision." *Id.* at 412. The holding must also be intended to be binding upon the states; that is, the decision must be based upon constitutional grounds, not on the supervisory power of the Supreme Court over federal courts. *Early v. Packer*, 537 U.S. 3, 10 (2002). Where holdings of the Supreme Court regarding the issue presented on habeas review are lacking, "it cannot be said that the state court 'unreasonabl[y] appli[ed] clearly established Federal law.'" *Carey v. Musladin*, 549 U.S. 70, 77 (2006) (citation omitted).

To the extent that the Petition raises issues of the proper application of state law, they are beyond the purview of this Court in a federal habeas proceeding. *See Swarthout v. Cooke*, 131 S. Ct. 859, 863 (2011) (per curiam) (holding that it is of no federal concern whether state law was correctly applied). It is a fundamental precept of dual federalism that the states possess primary authority for defining and enforcing the criminal law. *See, e.g.*, *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (a federal habeas court cannot reexamine a state court's interpretation and application of state law); *Walton v. Arizona,* 497 U.S. 639, 653 (1990) (presuming that the state court knew and correctly applied state law), *overruled on other grounds by Ring v. Arizona*, 536 U.S. 584 (2002).

In applying these standards on habeas review, this Court reviews the "last reasoned decision" by the state court. *See Robinson v. Ignacio,* 360 F.3d 1044, 1055 (9th Cir. 2004) (citing *Avila v. Galaza*, 297 F.3d 911, 918 (9th Cir. 2002)). Here, the only decision on Simmons' collateral review claims was a summary denial by the California Supreme Court on habeas review, which is an adjudication on the merits and entitled to deference. *Harrington v.*

5

*Richter*, 562 U.S. 86, 99 (2011).  Under the AEDPA, the state court's findings of fact are presumed to be correct unless the petitioner rebuts this presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *Miller-El v. Cockrell*, 537 U.S. 322, 340 (2003).

## IV. DISCUSSION

A.    Pre-Plea Claims (Claims 1 through 4)

The majority of Fannan's claims arise from events that occurred prior to his no contest plea.  However, by voluntarily entering his no contest plea,[3] he has waived his claims of trial court error and ineffective counsel with respect to actions that occurred prior to the entry of his plea.  *Tollett v. Henderson*, 411 U.S. 258, 267 (1973); *see United States v. Bohn*, 956 F.2d 208, 209 (9th Cir. 1992) (applying *Tollett* to pre-plea claims of ineffective assistance of counsel).  Thus, he is limited here to challenging his plea by demonstrating that the advice he received from counsel did not constitute effective representation.  *Lambert v. Blodgett*, 393 F.3d 943, 979 (9th Cir. 2004); *see also Hill v. Lockhart*, 474 U.S. 52, 56-57 (1985) ("Where, as here, a defendant is represented by counsel during the plea process and enters his plea upon the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases. . . . A defendant who pleads guilty upon the advice of counsel 'may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was [ineffective].'" (quoting *Tollett*, 411 U.S. at 267); *Ortberg v. Moody*, 961 F.2d 135, 137-38 (9th Cir. 1992) (applying *Tollett* to a no contest plea).

---

[3]    Pursuant to California law, a no contest to a felony charge is "considered the same as a plea of guilty" and has the same legal effect as a guilty plea "for all purposes."  CAL. PENAL CODE § 1016.

Consequently, the only pre-plea claim that survives the *Tollett* bar is Fannan's claim that his no contest plea was rendered involuntary by his plea counsel's erroneous advice as to the speedy trial claim.  If Fannan was told by his plea counsel that he could appeal the denial of his speedy trial claim despite his no contest plea, which the record does not indicate one way or the other, such advice was, as Respondent acknowledges, plainly incorrect.  *See People v. Hernandez*, 8 Cal. Rptr. 2d 324, 325 (Cal. Ct. App. 1992) (holding that, under California law, a claim of speedy trial violation—whether statutory or constitutional—does not survive a guilty plea).  Under California law, a claim based on this erroneous advice might be cognizable in a state habeas petition or a timely motion to set aside the plea, but it is not reviewable on direct appeal.  *See People v. Hernandez*, 309 P.2d 969, 972 (Cal. 1957) ("Matters not presented by the record cannot be considered on the suggestion of counsel in the briefs.").  Thus, because Fannan did not properly present this claim to the state courts, it is unexhausted.  This Court may not consider claims that have not been fairly presented to the state courts.  28 U.S.C. § 2254(b)(1); *see Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citing cases).

Under California law, a motion to withdraw a plea by a petitioner who was represented by counsel at the time of the plea must be made prior to judgment.  CAL. PENAL CODE § 1018.  Since Fannan was sentenced long ago, he cannot now move to withdraw his plea.  However, because there is no time limit for filing a state habeas petition in California, this avenue remains available to him.  *See In re Clark*, 855 P.2d 729, 764 (Cal. 1993) (explaining that there are no strict deadlines with respect to state habeas relief but that "[i]t has long been required that a petitioner explain and justify any significant delay in raising the question").  Accordingly, to the

extent that any relief is available,[4] Fannan's proper avenue for such relief lies in the California state courts, not a federal court.

This Court could stay the Petition and allow Fannan to return to state court to satisfy the exhaustion requirement. *See Mena v. Long*, 813 F.3d 907, 911 (9th Cir. 2016). However, Fannan has not requested that this Court stay and hold his Petition in abeyance. Moreover, the Supreme Court has held that it is an abuse of discretion to stay a petition pending exhaustion where: 1) the petitioner has not show good cause for failing to exhaust all available state court remedies; and 2) the unexhausted claim is "plainly meritless." *Rhines v. Weber*, 544 U.S. 269, 277 (2005). In his Petition, Fannan provides no reason why he did not seek relief through a habeas petition to the state court. Accordingly, the Court declines to stay and hold Fannan's Petition in abeyance. The Court will, however, dismiss this claim without prejudice to allow Fannan to return to state court to pursue his available remedies. *See* 28 U.S.C. § 2254(c); *Rose v. Lundy*, 455 U.S. 509, 522 (1982).

B.  Ineffective Assistance of Appellate Counsel (Claim 5)

Fannan additionally contends that his appellate counsel was ineffective for filing a *Wende* brief.

To demonstrate ineffective assistance of counsel under *Strickland v. Washington*, a defendant must show both that his counsel's performance was deficient and that the deficient

---

[4] This Court expresses no opinion as to whether a newly-filed state habeas petition would be timely or meritorious, and whether Fannan has a claim in state court has not been briefed or argued in this Court. Moreover, the current record, which again is devoid of any information regarding counsel's alleged advice, does not permit this Court to develop the record here. *See Cullen v. Pinholster*, 131 S. Ct. 1388 (2011) (holding that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

performance prejudiced his defense. 466 U.S. 668, 687 (1984). A deficient performance is one in which "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed by the Sixth Amendment." *Id.*

The Supreme Court has explained that, if there is a reasonable probability that the outcome might have been different as a result of a legal error, the defendant has established prejudice and is entitled to relief. *Lafler v. Cooper*, 132 S. Ct. 1376, 1385-86 (2012); *Glover v. United States*, 531 U.S. 198, 203-04 (2001); *Williams*, 529 U.S. at 393-95. Where a habeas petition governed by AEDPA alleges ineffective assistance of counsel, the *Strickland* prejudice standard is applied and federal courts do not engage in a separate analysis applying the *Brecht* harmlessness standard. *Avila v. Galaza*, 297 F.3d 911, 918, n.7 (9th Cir. 2002); *see also Musalin v. Lamarque*, 555 F.3d 830, 834 (9th Cir. 2009). Under this rubric, in reviewing ineffective assistance of counsel claims in a federal habeas proceeding:

> The question "is not whether a federal court believes the state court's determination" under the *Strickland* standard "was incorrect but whether that determination was unreasonable—a substantially higher threshold." And, because the *Strickland* standard is a general standard, a state court has even more latitude to reasonably determine that a defendant has not satisfied that standard.

*Knowles v. Mirzayance*, 556 U.S. 111, 123 (2009) (citations omitted); *see also Runningeagle v. Ryan*, 686 F.3d 758, 775 (9th Cir. 2012).

Thus, Fannan must show that appellate counsel's representation was not within the range of competence demanded of attorneys in criminal cases, and there is a reasonable probability that, but for counsel's ineffectiveness, the result would have been different. *See Hill v. Lockhart,* 474 U.S. 52, 57 (1985). An ineffective assistance of counsel claim should be denied if the petitioner fails to make a sufficient showing under either of the *Strickland* prongs. *See*

*Strickland*, 466 U.S. at 697 (courts may consider either prong of the test first and need not address both prongs if the defendant fails on one).

The Supreme Court has held that a habeas petitioner cannot state a claim for ineffective assistance of appellate counsel merely because his attorney filed a brief pursuant to *Wende*. *See Smith v. Robbins*, 528 U.S. 259, 284 (2000) ("It is enough to say that the *Wende* procedure . . . affords adequate and effective appellate review for criminal indigents.  Thus, there was no constitutional violation in this case simply because the *Wende* procedure was used."). In cases with fully briefed appeals and in cases with *Wende* briefs, claims of ineffective assistance of appellate counsel are reviewed according to the standard set out in *Strickland*. *Id.* at 285. In the *Wende* brief context, the petitioner must first show that counsel was objectively unreasonable in failing to find arguable issues of appeal, *i.e.*, unreasonably failed to discover nonfrivolous issues and failed to file a merits brief raising them. *Id.*  Second, the petitioner must demonstrate prejudice, *i.e.*, a reasonable probability that, but for counsel's unreasonable failure to file a merits brief, the petitioner would have prevailed on appeal. *See id.*

Fannan fails to satisfy either prong here because, simply put, there were no meritorious issues that appellate counsel failed to raise. *See Jones v. Barnes*, 463 U.S. 745, 751-52 (1983) (appellate counsel does not have an obligation to raise every nonfrivolous argument); *Miller v. Keeney*, 882 F.2d 1428, 1434-35 (9th Cir.1989) (appellate counsel's failure to raise a weak issue did not constitute ineffective counsel).  The state courts affirmed Fannan's conviction and found no meritorious issues. *See Fannan*, 2013 WL 1461076, at *2 ("an examination of the entire record" revealed "no arguable error that would result in a disposition more favorable to

[Fannan]"). Counsel could not have been ineffective for failing to seek a certificate of probable cause for meritless claims.[5] Accordingly, Fannan is not entitled to relief on this claim either.

## V. CONCLUSION AND ORDER

Fannan is not entitled to relief on any ground raised in his Petition.

**IT IS THEREFORE ORDERED THAT** the Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED THAT** Fannan's claim that his plea counsel's erroneous advice rendered his plea involuntary is **DENIED WITHOUT PREJUDICE** to allow Fannan to pursue any relief in the state courts.

**IT IS FURTHER ORDERED THAT** the Court declines to issue a Certificate of Appealability. *See* 28 U.S.C. § 2253(c); *Banks v. Dretke*, 540 U.S. 668, 705 (2004) ("To obtain a certificate of appealability, a prisoner must 'demonstrat[e] that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" (quoting *Miller-El*,

---

[5] With respect to Fannan's involuntary plea claim relating to counsel's alleged misinformation that the speedy trial claim would survive his plea, as noted above, that claim involves information outside the record and thus not properly the subject of direct appeal. *See Hernandez*, 309 P.2d at 972. As previously discussed, such claim should have been brought pursuant to a state habeas petition, which Fannan did not do.

537 U.S. at 327)).  Any further request for a Certificate of Appealability must be addressed to the Ninth Circuit Court of Appeals.  *See* FED. R. APP. P. 22(b); 9TH CIR. R. 22-1.

The Clerk of the Court is to enter judgment accordingly.

Dated: June 17, 2016.

/s/James K. Singleton, Jr.
JAMES K. SINGLETON, JR.
Senior United States District Judge